# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA AB, and AMYLIN PHARMACEUTICALS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 14-1478-GMS |
| TEVA PHARMACEUTICALS USA, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> ASTRAZENECA PHARMACEUTICALS LP, and AMYLIN PHARMACEUTICALS, LLC, <br><br> Counterclaim-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

### **[PROPOSED] SCHEDULING ORDER**

This _____ day of _____2015, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on February 10, 2015, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

**IT IS ORDERED** that:

1.  **Rule 26(a) Initial Disclosures.**   Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before March 19, 2015.

2.  **Joinder of Other Parties and Amendment of Pleadings.**   All motions to join other parties shall be filed and all motions to amend pleadings must be filed on or before August 14, 2015.

3.  **Reliance Upon Advice of Counsel.**   These cases arise under the Hatch-Waxman Act and do not involve allegations of willful infringement.

4.  *Markman* **Claim Construction Hearing.**   A *Markman* claim construction hearing shall be held on March 3, 2016 at 9:00 a.m.   The *Markman* hearing is scheduled for a total of <u>three</u> hours with each side having <u>90 minutes</u>.   The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.   On or before November 13, 2015, the parties shall submit a Final Joint Claim Chart, which shall include citations to intrinsic evidence.   The plaintiffs shall submit to the Court a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.   A sample table of contents of the Joint Appendix can be located on this

Court's website at www.ded.uscourts.gov.   The Joint Appendix shall be filed on the same day as the answering claim construction briefs.   The parties shall file opening claim construction briefs on December 15, 2015, and answering claim construction briefs on January 15, 2016.   Briefing will be presented pursuant to the Court's Local Rules.

    **5.**    **Discovery.**   All fact discovery in this case shall be initiated so that it will be completed on or before April 1, 2016.   Opening expert reports on issues on which a party bears the burden of proof shall be served on or before May 13, 2016.   Rebuttal expert reports shall be served on or before June 24, 2016.   Reply expert reports on secondary considerations of nonobviousness shall be served on or before July 15, 2016.   Expert Discovery in this case shall be initiated so that it will be completed on or before September 9, 2016.

    **a.**    **Discovery and Scheduling Matters:** Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact Chambers at (302) 573-6470 to schedule a telephone conference.   Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute.   A sample letter can be located on this Court's website at www.ded.uscourts.gov.   After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the Court should permit a fourth discovery teleconference.   Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention.   The responding party shall file within five (5) days

---

[1] Unless the Court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

from the date of service of the opening letter an answering letter of no more than **TWO PAGES.** The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      **6.**    **Confidential Information and Papers filed under Seal.**   Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this Order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

      **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

      **7.**    **Settlement Conference.**   Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

      **8.**    **Case Dispositive Motions:**   To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

      **9.**    **Applications by Motion.**   Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed via

electronic means (CM/ECF).    Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.    Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      10.    **<u>Oral Argument.</u>**    If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

      11.    **<u>Pretrial Conference.</u>**    On November 22, 2016, beginning at 10:00 a.m., the Court will hold a telephonic Pretrial Conference with counsel.    Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).    A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov.    Thirty (30) days before the Joint Proposed Pretrial Order is due, Plaintiffs' counsel shall forward to Defendant's counsel a draft of the Pretrial Order containing the information plaintiff proposes to include in the draft.    Defendant's counsel shall, in turn, provide to Plaintiffs' counsel any comments on the Plaintiffs' draft, as well as the information defendant proposes to include in the proposed Pretrial Order.    **<u>Motions in limine</u>[2]: NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).    The parties shall file with the Court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this Court's website at www.ded.uscourts.gov on or before October 31, 2016 at 5:00 p.m.

      12.    **<u>Trial.</u>**    This matter is scheduled for a 7-10 day <u>bench</u> trial beginning at 9:00 a.m. on December 5, 2016.

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial Order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

13. **Post-Trial Briefing.**  The parties shall file Proposed Findings of Fact and Conclusions of Law on January 12, 2017.

14. **Scheduling.**  The parties shall contact Chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____  
UNITED STATES DISTRICT JUDGE

ME1 19851138v.1

**Case Deadline Chart**

| Item | Date |
|---|---|
| Initial Disclosures pursuant to paragraph 3 of the D. Del. Default Standard | The parties will work together to reach an ESI agreement |
| Rule 26(a) Initial Disclosures | March 19, 2015 |
| AstraZeneca shall produce copies of each asserted patent and its file history, pursuant to paragraph 4.a. of the D. Del. Default Standard | March 12, 2015 |
| Teva shall produce to AstraZeneca the core technical documents related to the accused product(s), pursuant to paragraph 4.b. of the D. Del. Default Standard | March 12, 2015 |
| Production of samples of the accused products, if any | March 12, 2015 |
| AstraZeneca shall produce to Teva an initial claim chart relating each accused product to the asserted claims each product allegedly infringes, pursuant to paragraph 4.c. of the D. Del. Default Standard | June 8, 2015 |
| Teva shall produce to AstraZeneca its initial invalidity contentions for each asserted claim, as well as the related invalidating references, pursuant to paragraph 4.d. of the D. Del. Default Standard | July 8, 2015 |
| Exchange proposed terms for claim construction | October 9, 2015 |
| Exchange proposed constructions | October 30, 2015 |
| Meet and confer regarding claim terms for construction | by November 6, 2015 |
| The parties shall submit a Final Joint Claim Chart | November 13, 2015 |
| File Opening Claim Construction Briefs | December 15, 2015 |

**ME1 19851138v.1**

| Item | Date |
|---|---|
| File Answering Claim Constructions Briefs | January 15, 2016 |
| AstraZeneca shall submit a Joint Appendix of Intrinsic Evidence | January 15, 2016 |
| *Markman* Hearing | March 3, 2016 |
| Substantial completion of the production of documents | January 8, 2016 |
| AstraZeneca shall produce to Teva its final infringement contentions | Within 30 days of Court's *Markman* order |
| Teva shall produce to AstraZeneca its final invalidity contentions | Within 30 days of Court's *Markman* order |
| Deadline to file motions to amend pleadings or join parties | August 14, 2015 |
| Completion of fact discovery | April 1, 2016 |
| Opening Expert Reports (on issues for which a party bears the burden of proof) | May 13, 2016 |
| Rebuttal Expert Reports (including on secondary considerations of non-obviousness, if obviousness is raised in Teva's opening expert reports) | June 24, 2016 |
| Reply Expert Reports (including on secondary considerations of non-obviousness, if raised in AstraZeneca's rebuttal expert reports) | July 15, 2016 |
| Completion of expert discovery | September 9, 2016 |
| Submission of Joint Pretrial Order | October 31, 2016 |
| Telephonic Pre-Trial Conference | November 22, 2016 |
| Seven (7) – Ten (10) Day Bench Trial | December 5, 2016 |
| File Proposed Findings of Fact and Conclusions of Law | January 12, 2017 |

ME1 19851138v.1